[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No.  20-10990
Non-Argument Calendar

_____

D.C. Docket No. 0:16-cr-60054-BB-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID ROTHENBERG,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 18, 2020)

Before MARTIN, BRANCH and HULL, Circuit Judges.

PER CURIAM:

David Rothenberg appeals the district court's second and third amended

final judgments imposing a final restitution award.  The government has moved for

summary affirmance and to stay the briefing schedule.

Summary disposition is appropriate, *inter alia*, where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  An appeal is frivolous if it is "without arguable merit either in law or fact." *Napier v. Preslicka*, 314 F.3d 528, 531 (11th Cir. 2002) (quotation marks omitted).

"We review the legality of a restitution order in a child pornography case *de novo* and the underlying factual findings for clear error." *United States v. Osman*, 853 F.3d 1184, 1188 (11th Cir. 2017).  We are bound by a prior panel opinion, even if it was wrongly decided, unless and until the opinion's holding is overruled or undermined to the point of abrogation by the Supreme Court or our Court sitting *en banc*.  *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019).

In *Rothenberg*, this Court expressly rejected Rothenberg's argument that the district court was required to formally disaggregate the harms the victims suffered as a result of the proliferation of images of their sexual abuse from the harms the victims suffered as a result of the abuse itself.  *United States v. Rothenberg*, 923

---

[1]This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

F.3d 1309, 1328-29, 1333-35 (11th Cir. 2019), *cert. denied*, 140 S. Ct. 812 (2020). We recognized that a district court must "hold a defendant accountable only for his own individual conduct and set a restitution amount that comports with the defendant's relative role in causing the victim's general losses." *Id.* at 1333 (quotation marks omitted). However, we held that "[h]ow [the] district court arrives at that figure is largely up to the district court, so long as the number is a reasonable and circumscribed award that is suited to the relative size of the defendant's causal role in the entire chain of events that caused the victim's loss." *Id.* (quotation marks omitted). While rejecting Rothenberg's disaggregation argument and affirming the restitution awards to eight of Rothenberg's nine victims, this Court agreed that the restitution award to the ninth victim was not supported by sufficient evidence, vacated that award, and remanded. *Id.* at 1338-40.

On remand, the district court stayed further proceedings pending resolution of Rothenberg's *certiorari* petition to the Supreme Court. In January 2020, the Supreme Court denied Rothenberg's petition. Subsequently, proceedings in the district court resumed and both parties stipulated that a restitution hearing was unnecessary. Rothenberg had no objection to the government's $3,000 restitution request for the remaining victim, "subject to his preservation with respect to the disaggregation issue." The district court then entered the final restitution order,

ordering him to pay a total of $103,000 in restitution to the nine victims.

Here, there is no substantial question as to the outcome of the case because Rothenberg's argument is foreclosed by precedent. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Rothenberg's argument that the district court was required to disaggregate the victims' harms caused by the initial abuse from their harms caused by the later traffic in images when determining the restitution amount is foreclosed by our precedent in *Rothenberg*, which Rothenberg expressly concedes. *See Rothenberg*, 923 F.3d at 1333-35. That precedent is binding. *See Gillis*, 938 F.3d at 1198. As the government points out, Rothenberg does not argue that the district court on remand misapplied our Court's precedent in *Rothenberg*, he just preserves his argument on appeal disagreeing with our initial *Rothenberg* decision.

Therefore, because there is no substantial question that Rothenberg's argument is foreclosed by precedent, we GRANT the government's motion for summary affirmance. *See Groendyke Transp., Inc.*, 406 F.2d at 1162. Accordingly, we DENY the accompanying motion to stay the briefing schedule as moot.